IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                                    |
|--------------------------|---|------------------------------------|
| JOSEPH BRANSON           | : |                                    |
|                          | : |                                    |
|    v.     | : | Civil Action No. DKC 2007-0733     |
|                          | : |                                    |
| POTOMAC ELECTRIC         |   |                                    |
|  POWER COMPANY      | : |                                    |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are (1) Defendant's motion to dismiss pursuant to Fed.R.Civ.P.12(b)(1) and Fed.R.Civ.P.12(b)(6), (paper 8); and (2) Defendant's motion for Rule 11 sanctions (paper 18).   The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.   For the reasons that follow, the court will grant Defendant's motion to dismiss and deny the motion for sanctions.

**I.   Background**

**A. Factual Background**

The following facts are alleged by Plaintiff Joseph Branson in his complaint.   Plaintiff worked for Defendant Potomac Electric Power Company (PEPCO) as an Auto Mechanic from 1987 until 1999 when he suffered a spinal injury while on the job.   Thereafter, Plaintiff was on long term disability until 2005 as a result of that injury. Plaintiff returned to Defendant's workforce in 2005, but found that he was unable to perform some of his job duties.

Plaintiff alleges that his injuries substantially limited one or more of his major life activities and that Defendant was aware of his injuries and regarded Plaintiff as having an impairment that substantially limited his ability to perform major life activities. Plaintiff asserted that he was a victim of discriminatory termination and a hostile work environment because of his disability. Plaintiff was fired in September 2006 after testing positive for cocaine in a drug test.

**B. Procedural Background**

On March 3, 2007, Plaintiff filed suit, alleging that PEPCO violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, by creating a hostile work environment and terminating him. On April 30, 2007, Defendant filed a motion to dismiss Plaintiffs' ADA claims pursuant to Fed.R.Civ.P. 12(b)(6) and to Fed.R.Civ.P.12(b)(1). Defendant contends that 1) both of Plaintiff's claims are "utterly devoid of factual support" and thus fail to state a claim; and 2) Plaintiff's hostile work environment claim is subject to dismissal because Plaintiff failed to exhaust his administrative remedies. (Paper 8, at 1). Defendant has moved for Rule 11 sanctions against Plaintiff on July 12, 2007. (Paper 18). For the following reasons, Defendant's motion to dismiss will be GRANTED and Defendant's motion for sanctions will be DENIED.

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2).

In its determination, the court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  The court must disregard the contrary allegations of the opposing party.  *See A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  The Supreme Court set forth the proper framework in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(footnote omitted):

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P.12(b)(1).  The plaintiff bears the burden

of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir. 1999).   In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.   The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

## III. Analysis

### A.  Hostile Work Environment Claim

Plaintiff failed to exhaust his administrative remedies for his hostile work environment claim and accordingly that claim is subject to dismissal for lack of subject matter jurisdiction under 12(b)(1).   "[A] plaintiff may not assert an ADA discrimination claim in court until he has exhausted the administrative remedies as to that claim." *Talbot v. U.S. Foodservice, Inc.*, 191 F.Supp.2d 637, 639 (D.Md. 2002).   A timely charge of alleged discrimination must be filed with the E.E.O.C. within a maximum of 300 days of the alleged unlawful event.   42 U.S.C. §2000e-5(e).   "[A] charge alleging a hostile work environment claim [] will not be time barred so long as all acts which constitute the claim are part of

the same unlawful employment practice and at least one act falls within the time period." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) (internal citations omitted). Plaintiff's E.E.O. charge was filed on November 5, 2006. (Paper 8, Ex. 1). In his charge, Plaintiff alleged that he was discriminated against based on disability between June 5, 2005 and September 30, 2005. (*Id.*). September 30, 2005 is more than 300 days before November 5, 2006 and none of the acts within Plaintiff's claim fall within the relevant time period. Accordingly, Plaintiff's hostile work environment claim was not timely exhausted and must be dismissed.

### B.  Discriminatory Termination Claim

Plaintiff's claim that his termination violated the ADA is also subject to dismissal. To allege a case of wrongful discharge under the ADA, a plaintiff must allege that (1) he was a "qualified individual with a disability"; (2) he was discharged; (3) he was fulfilling his employer's legitimate expectations at the time of discharge; and (4) the circumstances of the discharge raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).

Plaintiff has not alleged facts to support his claim that he is disabled or regarded as disabled within the ADA. "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff

is required to allege facts that support a claim for relief." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities" or having "a record of such impairment" or "being regarded as having such an impairment." 42 U.S.C. §1202(2). Plaintiff's complaint asserts that his injury substantially limits him in major life activities, citing standing, walking, bending, squatting, climbing, reaching, and crawling. (Paper 1 ¶10). It also asserts that Plaintiff's supervisors were aware of his physical condition and regarded him as being substantially limited in one or more major life activity. (*Id.* ¶11). The EEOC has promulgated a non-exhaustive list of major life activities which includes "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (2004).

Defendant does not question whether Plaintiff is limited in a major life activity, but rather whether he is "substantially" limited by his injury in a way that is significant to his employment. (Paper 8, at 5). The Supreme Court has held that

> to be substantially limited in performing
> manual tasks, an individual must have an
> impairment that prevents or severely restricts
> the individual from doing activities that are
> of central importance to most people's daily
> lives . . . . It is insufficient for
> individuals attempting to prove disability
> status under this test to merely submit

7

> evidence of a medical diagnosis of an
> impairment. Instead, the ADA requires those
> "claiming the Act's protection . . . to prove
> a disability by offering evidence that the
> extent of the limitation [caused by the
> impairment] in terms of their own experience .
> . . is substantial."

*Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002),

*quoting Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999).

Plaintiff does not set forth facts demonstrating that he is

disabled under this test. Plaintiff alleges that he is disabled

because he has a "permanent" spinal injury that he alleges

"prevents him from doing virtually any job," causing him to be

"unable to perform the duties and responsibilities of his former

job." (Paper 1, at 2).

Plaintiff offers nothing more than a mere assertion that his

supervisors were aware of his physical condition and that they

regarded him as substantially limited. "[W]hen a plaintiff's

complaint sets forth facts in support of his claim for relief and

tracks the language of the applicable cause of action, the legal

conclusions 'are not talismanic' because 'it is the alleged facts

supporting those words, construed liberally, which are the proper

focus at the motion to dismiss stage.'" *Jordan v. Alternative*

*Resources Corp.*, 458 F.3d 332 (4th Cir. 2006) (*quoting Bass*, 324

F.3d at 765). Plaintiff does not provide specific facts in support

of his conclusory allegation that he was substantially limited or

regarded as such by his employer. These assertions are

insufficient to establish that Plaintiff was disabled within the meaning of the ADA.  Indeed, Plaintiff offered nothing more than conclusory assertions which the court need not accept.  *See,* *Papasan*, 478 U.S. at 286; *United Black Firefighters*, 604 F.2d at 847.  Therefore, Plaintiff's ADA claim must fail because he has failed to allege facts that support a claim for relief.

Even if Plaintiff had alleged facts to support his assertion that he is disabled or regarded as disabled, he cannot establish that he was a "qualified individual with a disability" because he has acknowledged that he failed a drug test (paper 1 ¶ 21) and the ADA specifically excludes "any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use."  42 U.S.C. §12114(a).[1]  In the Fourth Circuit, an individual who fails a drug test falls within §12114(a) and therefore cannot be a "qualified individual with a disability."  *Shafer v. Preston Mem'l Hosp. Corp.*, 107 F.3d 274, 278-280 (4th Cir. 1997) ("only persons who have refrained from using drugs for some time are protected under the statute."), *abrogated on other grounds by Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999).  Indeed as that court noted, it would produce an absurd result "inconsistent with [public] policy" to preclude

---

[1]  Plaintiff's failed drug test bars his claim for another reason: it establishes a legitimate nondiscriminatory reason for Plaintiff's termination, *see e.g.*, *Raytheon Co. v. Hernandez*, 540 U.S. 44, 51 (2003), which Plaintiff cannot undermine as pretext.

employers from terminating employees who test positive for illegal drug use. *Id*. "Moreover, an employee who admits to recent drug use only after being caught and confronted-like an employee who fails a drug test-cannot avoid being fired by immediately entering drug rehabilitation and 'claiming that s/he now is in rehabilitation and is no longer using drugs illegally.'" *Id*. Because Plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief under the ADA, his termination claim is subject to dismissal under 12(b)(6).

### C.  Defendant's Motion for Sanctions

Defendant filed a motion for Rule 11 sanctions. (Paper 18). Defendant argues that Plaintiff violated Rule 11(b)(2) and 11(b)(3) because his claim was not warranted by existing law and because it was without evidentiary support. "The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." *See, e.g.*, *Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998).  Although a *pro se* complaint is held to less stringent standards than a complaint drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520 (1971), *pro se* parties are not excused from the requirements of Rule 11. Nevertheless, the court may take a party's *pro se* status into account when considering Rule 11 sanctions. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).  In applying Rule 11 in the employment discrimination context, the Fourth Circuit has

recognized that "proof of discrimination can be elusive" and "'smoking gun' [evidence] is often not to be found." *Blue v. U.S. Dept. of Army*, 914 F.2d 525, 544 (4th Cir. 1990). "Motions for sanctions are to be filed sparingly." *Thomas v. Treasury Mgmt. Ass'n., Inc.*, 158 F.R.D. 364, 366 (D.Md. 1994). While Plaintiff's claim is subject to dismissal, there is no evidence that it was brought to harass Defendant and Defendant has made no showing of vexatiousness or bad faith by Plaintiff. Defendant has failed to establish that sanctions should issue, and accordingly the court will deny Defendant's motion for sanctions.

## IV. Conclusion

For the foregoing reasons, the court will grant Defendant's motion to dismiss and deny Defendant's motion for Rule 11 sanctions. A separate Order will follow.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge